[Cite as *State v. Williams*, 2017-Ohio-7461.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MARCELL WILLIAMS

    Appellant

C.A. No.    28419

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2016 02 0513 (B)

DECISION AND JOURNAL ENTRY

Dated: September 6, 2017

---

HENSAL, Presiding Judge.

{¶1}    Marcell Williams appeals his sentences for felonious assault and having weapons while under disability from the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2}    Mr. Williams pleaded guilty to two counts of felonious assault, which included firearm specifications, and one count of having weapons while under disability. The trial court sentenced him to three years for each felonious assault count and three years for each specification. It ordered those sentences to run consecutive to each other, but concurrent to a three year sentence it imposed for the having weapons while under disability offense, for a total prison term of twelve years. Although the court included the reasons consecutive sentences were necessary in its sentencing entry, it did not state them on the record at the sentencing hearing.

Mr. Williams has appealed his sentence, arguing that the trial court failed to make the required findings before imposing consecutive sentences.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MAKE REQUIRED FINDINGS ON THE RECORD PRIOR TO SENTENCING MR. WILLIAMS TO SERVE CONSECUTIVE TERMS IN PRISON.

{¶3}   Mr. Williams argues that the trial court failed to make the findings required to impose consecutive sentences under Revised Code Section 2929.14(C)(4).  In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4}   Section 2929.14(C)(4) provides that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses," the sentencing court may require the offender to serve the terms consecutively "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"  The court must also find "any" of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant

to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).

{¶5} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme Court held that Section 2929.14(C)(4) "requires the trial court to make statutory findings prior to imposing consecutive sentences," and that Criminal Rule 32(A)(4) "directs the court to state those findings at the time of imposing sentence." *Id*. at ¶ 26. It explained, however, that a "word-for-word recitation of the language of the statute is not required[.]" *Id*. at ¶ 29. Instead, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*.

{¶6} At the sentencing hearing, the trial court imposed a three year sentence on Mr. Williams for one of the felonious assault counts and three years for the accompanying firearm specification. Because those sentences were required to be served consecutively, the court told him that "[t]hey run consecutive to each other." After imposing three years for the other felonious assault count and three years for its specification, the court stated: "They run consecutive. Those run consecutive with each other. It's a total of 12 years." The trial court did not explicitly make any of the findings required under Section 2929.14(C)(4) on the record or state anything that could be construed as a finding under that section to explain why Mr.

Williams had to serve the six total years he received for each felonious assault count consecutive to the other. The State agrees that the court failed to make the required findings.

{¶7} Upon review of the record, we conclude that there is clear and convincing evidence that the trial court did not make the findings required to impose consecutive sentences on the record at the sentencing hearing and that its sentence, therefore, is contrary to law. *See id*. Mr. Williams's assignment of error is sustained.

### III.

{¶8} Mr. Williams's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for resentencing consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.